**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission, | No. CV-26-05387-PHX-SPL |
| Plaintiff, | |
| vs. | **SEALED ORDER** |
| Credit Glory LLC, et al., | |
| Defendants. | |

Plaintiff, the Federal Trade Commission ("FTC"), has filed its Complaint for Permanent Injunction and Other Equitable Relief pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, Section 410(b) of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679h(b),Section 6(b) of the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6105(b), Section 522(a) of the Gramm-Leach-Bliley Act ("GLB Act"), 15 U.S.C. § 6822(a), Section 5(a) of the Restore Online Shoppers' Confidence Act ("ROSCA"), 15 U.S.C. § 8404(a), and Section 918(c) of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693o(c), and has moved, pursuant to Fed. R. Civ. P. 65(b) and LRCiv 65.1, for a temporary restraining order, asset freeze, other equitable relief, and an

order to show cause why a preliminary injunction should not issue against Defendants.

**FINDINGS OF FACT**

The Court, having considered the Complaint, the *ex parte* Motion for a Temporary Restraining Order, declarations, exhibits, and the memorandum of points and authorities filed in support thereof, and being otherwise advised, finds that:

A. This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over all parties hereto and that venue in this District is proper.

B. There is good cause to believe that Defendants have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), multiple provisions of CROA, 15 U.S.C. §§ 1679-1679*l*, multiple provisions of the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, Section 521 of the GLB Act, 15 U.S.C. § 6821, Section 4 of ROSCA, 15 U.S.C. § 8403, Section 907(a) of EFTA, 15 U.S.C. § 1693e(a), and Section 1005.10(b) of Regulation E, 12 C.F.R. § 1005.10(b), and that the FTC is therefore likely to prevail on the merits of the action. As demonstrated by the consumer declarations, consumer complaints, and the additional documentation filed by the FTC, the FTC has established a likelihood of success in showing that, in numerous instances, Defendants have made false, fictitious, fraudulent, and deceptive representations regarding their credit repair services and taken illegal advance fees for those services. In particular, there is good cause to believe that in numerous instances, in connection with the marketing, telemarketing, and sale of credit repair services, Defendants have:

2

1. Falsely represented that they will significantly improve consumers' credit scores by, among other things, removing negative information permanently from consumers' credit reports or profiles;

2. Falsely represented that they are, or are affiliated with, debt collection entities and creditors;

3. Unfairly and unlawfully charged consumers for credit repair services for which the consumers have not provided express informed consent;

4. Made statements, or counseled or advised consumers to make statements, which are untrue or misleading with respect to their credit worthiness, credit standing, or credit capacity to consumer reporting agencies, including filing or encouraging consumers to file identity theft reports even when consumers have not, in fact, been victims of identity theft;

5. Taken advance fees for their credit repair services;

6. Failed to include in their consumer contracts the following required terms and conditions: (1) the terms and conditions of payment, including the total amount of all payments to be made by the consumer to Defendants or to any other Person, (2) a full and detailed description of the credit repair services to be performed by Defendants for the consumer, including (a) all guarantees of performance, and (b) an estimate of (i) the date by which the performance of the services (to be performed by Defendants or any other Person) will be complete or (ii) the length of the period necessary to perform such services; (3) Defendants' name and principal business address; or (4) the specific conspicuous statement in bold face

3

type, in immediate proximity to the space reserved for the consumer's signature on the contract, regarding the consumers' right to cancel the contracts without penalty or obligation at any time before the third business day after the date on which consumers signed the contracts;

7. Failed to disclose truthfully, in a clear and conspicuous manner, before consumers consent to pay for Defendants' credit repair services, all material terms and conditions of a negative option feature, including, but not limited to, the fact that consumers' accounts will be charged unless consumers take an affirmative action to avoid the charge, the date the charges will be submitted for payment, and the specific steps consumers must take to avoid the charges; and

8. Misrepresented material aspects of a negative option feature, including, but not limited to, the fact that consumers' accounts will be charged unless consumers take an affirmative action to avoid the charge, the date the charges will be submitted for payment, and the specific steps consumers must take to avoid the charges.

C. There is good cause to believe that Defendants have taken in net revenues of at least $172 million as a result of their unlawful practices.

D. There is good cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of the FTC Act, CROA, the TSR, the GLB Act, ROSCA, EFTA, and Regulation E unless Defendants are restrained and enjoined by order of this Court.

E. There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers—including recission or reformation of contracts and the refund of money or return of property—will occur from the sale, transfer, destruction, or other disposition or concealment by Defendants of their assets or records unless Defendants are immediately restrained and enjoined by order of this Court; and that, in accordance with Fed. R. Civ. P. 65(b), the interests of justice require that this Order be granted without prior notice to Defendants.  Thus, there is good cause for relieving the FTC of the duty to provide Defendants with prior notice of its Motion for a Temporary Restraining Order.

F. Good cause exists for appointing a temporary receiver over the Receivership Entities, freezing Defendants' assets, permitting the FTC and the Receiver immediate access to the Defendants' business premises, and permitting the FTC and the Receiver to take expedited discovery.

G. Weighing the equities and considering the FTC's likelihood of ultimate success on the merits, a temporary restraining order with an asset freeze, the appointment of a temporary receiver, immediate access to business premises, expedited discovery, and other equitable relief is in the public interest.

H. This Court has authority to issue this Order pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b); Fed. R. Civ. P. 65; and the All Writs Act, 28 U.S.C. § 1651.

I. No security is required of any agency of the United States for issuance of a temporary restraining order. Fed. R. Civ. P. 65(c).

///

5

**DEFINITIONS**

For purposes of this Order, the following definitions shall apply:

A. "**Asset**" means any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held.

B. "**Consumer**" means any Person.

C. "**Corporate Defendant(s)**" means Credit Glory LLC (a Delaware limited liability company), Credit Glory LLC (a Wyoming limited liability company), Credit Glory LLC (a Nevada limited liability company), Credit Glory Inc., Credit Sage LLC, Joy Credit Software LLC, Clerk Credit Systems LLC, Clerk Credit Software LLC, Standard Scores LLC, Collection Payments LLC, Collections Dispute LLC, Collections Expert LLC, Collections Support LLC, Credit Cop LLC, Dispute Collection LLC, Glorious Credit LLC, and Joyful Credit LLC, and each of their subsidiaries, affiliates, successors, and assigns.

D. "**Credit Repair Service**" means any program or service represented, directly or by implication, to (1) improve any Consumer's credit report, credit record, credit history, credit profile, credit score, or credit rating; or (2) provide advice or assistance to any Consumer with regard to any activity or service the express or implied purpose of which is to improve any Consumer's credit report, credit record, credit history, credit profile, credit score, or credit rating.

E. "**Defendants**" means Corporate Defendants and Individual Defendants, individually, collectively, or in any combination.

F. "**Document**" is synonymous in meaning and equal in scope to the usage of

6

"document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a), Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

G. "**Electronic Data Host**" means any Person in the business of storing, hosting, or otherwise maintaining electronically stored information. This includes, but is not limited to, any entity hosting a website or server, and any entity providing "cloud based" electronic storage.

H. "**Individual Defendants**" means Alexander N. Brola, Liam Pavel Tame Te Amorangi Tira Emery, Marko Petkovic, Joshua Curtis, and David Naylor.

I. "**Negative Option Feature**" means, in an offer or agreement to sell or provide any goods or services, a provision under the which a Consumer's silence or failure to take affirmative action to reject goods or services or to cancel the agreement is interpreted

by the seller or provider as acceptance of the offer.

J.  "**Person**" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

K.  "**Receiver**" means the temporary receiver appointed in Section XI of this Order and any deputy receivers that shall be named by the temporary receiver.

L.  "**Receivership Entities**" means Corporate Defendants as well as any other entity that has conducted any business related to Defendants' marketing of Credit Repair Services, including receipt of Assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Defendant.

## ORDER

## PROHIBITED CONDUCT

I.  **IT IS THEREFORE ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any goods or services, are temporarily restrained and enjoined from:

A.  Misrepresenting or assisting others in misrepresenting, directly or indirectly, expressly or by implication:

1.  That any Person can remove negative information or hard inquiries from

any other Person's credit report, credit record, credit history, or credit profile;

2. That any Person can substantially improve any other Person's credit score or credit rating;

3. That any Person is a victim of identity theft;

4. That any Person is, or is affiliated with, any other Person, including, but not limited to, any debt collection entity or creditor;

5. With respect to any good or service with a Negative Option Feature, the fact that Consumers will be charged unless they take affirmative action to avoid the charges, the date(s) the charge(s) will be submitted for payment, or the specific steps Consumers must take to avoid the charge(s); or

6. Any other fact material to Consumers concerning any Credit Repair Service, such as:  the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics;

B. Charging or receiving money or other valuable consideration for the performance of any Credit Repair Service before such service is fully performed;

C. Filing, causing to be filed, or advising or otherwise encouraging any Person to file an identity theft report when such Person is not a victim of identity theft;

D. Failing to include in contracts for any Credit Repair Service the following required terms and conditions: (1) the terms and conditions of payment,

including the total amount of all payments to be made by the consumer; (2) a full and detailed description of the services to be performed for the consumer, including all guarantees of performance and an estimate of the date by which the performance of the services (to be performed by Defendants or any other Person) will be complete or the length of the period necessary to perform such services, (3) the name and principal business address of Defendants or any other Person providing such services, and (4) the specific conspicuous statement in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, which reads as follows: "You may cancel this contract without penalty or obligation at any time before midnight of the 3rd business day after the date on which you signed the contract.  See the attached notice of cancellation form for an explanation of this right."

E. Failing to disclose, or disclose adequately, in a clear and conspicuous manner, before a Consumer consents to pay for any good or service with a Negative Option Feature all material terms of the Negative Option Feature, including but not limited to (1) the fact that the Consumer will be charged unless the Consumer takes an affirmative action to avoid the charge(s), (2) the date(s) the charge(s) will be submitted for payment, and (3) the specific steps the Consumer must take to avoid the charge(s);

F. Causing any Consumer's billing information to be submitted for payment or any Consumer's bank account to be debited, directly or indirectly, without first obtaining the express informed consent of that Consumer;

10

G.  Making electronic fund transfers from a Consumer's account on a recurring basis without (1) obtaining written authorization signed or similarly authenticated from the Consumer for the preauthorized electronic fund transfer from that account, and (2) providing to the Consumer a copy of such written authorization; and

H.  Making false, fictitious, or fraudulent statements or representations to customers of financial institutions to obtain or attempt to obtain customer information of a financial institution of those customers.

## PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

II.  **IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A.  Selling, renting, leasing, transferring, or otherwise disclosing the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any Person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order; and

B.  Benefitting from or using the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any Person that any

Defendant obtained in connection with any activity that pertains to the subject matter of this Order.

C. *Provided, however*, that Defendants may disclose such identifying information to a law enforcement agency, to their attorneys as required for their defense, as required by any law, regulation, or court order, or in any filings, pleadings, or discovery in this action in the manner required by the Federal Rules of Civil Procedure and by any protective order in the case.

## ASSET FREEZE

III.    **IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A. Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any Assets that are:

1.  owned or controlled, directly or indirectly, by any Defendant;

2.  held, in part or in whole, for the benefit of any Defendant;

3.  in the actual or constructive possession of any Defendant; or

4.  owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset

12

protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant.

B. Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Defendant or subject to access by any Defendant, except as necessary to comply with written requests from the Receiver acting pursuant to its authority under this Order;

C. Incurring charges or cash advances on any credit, debit, or ATM card issued in the name, individually or jointly, of any Corporate Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant or of which any Defendant is an officer, director, member, or manager.  This includes any corporate bankcard or corporate credit card account for which any Defendant is, or was on the date that this Order was signed, an authorized signor; or

D. Cashing any checks or depositing any money orders or cash received from consumers, clients, or customers of any Defendant.

E. The Assets affected by this Section shall include: (1) all Assets of Defendants as of the time this Order is entered; and (2) Assets obtained by Defendants after this Order is entered if those Assets are derived from any activity that is the subject of the Complaint in this matter or that is prohibited by this Order. This Section does not prohibit any transfers to the Receiver or repatriation of foreign Assets specifically required by this order.

## DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES

**IV.**    **IT IS FURTHER ORDERED** that any financial or brokerage institution, Electronic Data Host, credit card processor, payment processor, merchant bank, acquiring bank, independent sales organization, third party processor, payment gateway, insurance company, business entity, or Person who receives actual notice of this Order (by service or otherwise) that: (a) has held, controlled, or maintained custody, through an account or otherwise, of any Document on behalf of any Defendant or any Asset that has been owned or controlled, directly or indirectly, by any Defendant; held, in part or in whole, for the benefit of any Defendant; in the actual or constructive possession of any Defendant; or owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant; (b) has held, controlled, or maintained custody, through an account or otherwise, of any Document or Asset associated with credits, debits, or charges made on behalf of any Defendant, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities; or (c) has extended credit to any Defendant, including through a credit card account, shall:

A. Hold, preserve, and retain within its control and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance, disbursement,

dissipation, relinquishment, conversion, sale, or other disposal of any such Document or Asset, as well as all Documents or other property related to such Assets, except by further order of this Court or, with respect to any Document or Asset owned by, held in the name of, for the benefit of, or otherwise controlled by any Receivership Entity, as directed in writing by the Receiver; *provided, however*, that this provision does not prohibit an Individual Defendant from incurring charges on a personal credit card established prior to entry of this Order, up to the pre-existing credit limit;

B. Deny any Person, except the Receiver, access to any safe deposit box, commercial mail box, or storage facility that is titled in the name of any Defendant, either individually or jointly, or otherwise subject to access by any Defendant;

C. Provide the FTC's counsel and the Receiver, within three (3) days of receiving a copy of this Order, a sworn statement setting forth, for each Asset or account covered by this Section:

1. The identification number of each such account or Asset;

2. The balance of each such account, or a description of the nature and value of each such Asset, as of the close of business on the day that this Order is served, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the Person to whom such account or other Asset was remitted; and

15

3. The identification of any safe deposit box, commercial mailbox, or storage facility that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access by any Defendant; and

D. Upon the request of FTC counsel or the Receiver, promptly provide FTC counsel and the Receiver with copies of all records or other Documents pertaining to any account or Asset covered by this Section, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to safe deposit boxes, commercial mail boxes, and storage facilities.

E. *Provided, however*, that this Section does not prohibit any transfers to the Receiver or repatriation of foreign Assets specifically required by this Order.

## FINANCIAL DISCLOSURES

V. **IT IS FURTHER ORDERED** that each Defendant, within five (5) days of service of this Order upon them, shall prepare and deliver to FTC counsel and the Receiver:

A. Completed financial statements on the forms attached to this Order as **Attachment A** (Financial Statement of Individual Defendant) for each Individual Defendant, and **Attachment B** (Financial Statement of Corporate Defendant) for each Corporate Defendant; and

B.  Completed **Attachment C** (IRS Form 4506, Request for Copy of a Tax Return) for each Defendant.

## FOREIGN ASSET REPATRIATION

VI.  **IT IS FURTHER ORDERED** that within five (5) days of service of this Order upon them, each Defendant shall:

A.  Provided FTC counsel with a full accounting, verified under oath and accurate as of the date of this Order, of all Assets, Documents, and accounts outside of the United States which are: (1) titled in the name, individually or jointly, of any Defendant; (2) held by any Person for the benefit of any Defendant or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant;

B.  Take all steps necessary to provide FTC counsel and Receiver access to all Documents and records that may be held by third parties located outside of the territorial United States of America, including signing the Consent to Release of Financial Records appended to this Order as **Attachment D**;

C.  Transfer to the territory of the United States all Documents and Assets located in foreign countries which are: (1) titled in the name, individually or jointly, of any Defendant; (2) held by any Person for the benefit of any Defendant or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any

17

Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant; and

D. The same business day as any repatriation, (1) notify the Receiver and FTC counsel of the name and location of the financial institution or other entity that is the recipient of such Documents or Assets; and (2) serve this Order on any such financial institution or other entity.

## NON-INTERFERENCE WITH REPATRIATION

VII. **IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by this Order, including, but not limited to:

A. Sending any communication or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Defendants' Assets have been fully repatriated pursuant to this Order; or

B. Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all

Defendants' Assets have been fully repatriated pursuant to this Order.

## CONSUMER CREDIT REPORTS

VIII. **IT IS FURTHER ORDERED** that the FTC may obtain credit reports concerning any Defendants pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to the FTC.

## PRESERVATION OF RECORDS

IX. **IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A. Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to: (1) the business, business practices, Assets, or business or personal finances of any Defendant; (2) the business practices or finances of entities directly or indirectly under the control of any Defendant; or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

B. Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of Defendants' Assets.

**REPORT OF NEW BUSINESS ACTIVITY**

**X.    IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from creating, operating, or exercising any control over any business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing FTC counsel and the Receiver with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

**TEMPORARY RECEIVER**

**XI.    IT IS FURTHER ORDERED** that Thomas McNamara, Esq. is appointed as temporary receiver of the Receivership Entities with full powers of an equity receiver.  The Receiver shall be solely the agent of this Court in acting as Receiver under this Order.

**DUTIES AND AUTHORITY OF RECEIVER**

**XII.    IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

A. Assume full control of Receivership Entities by removing, as the Receiver

deems necessary or advisable, any director, officer, independent contractor, employee, attorney, or agent of any Receivership Entity from control of, management of, or participation in, the affairs of the Receivership Entity;

B. Take exclusive custody, control, and possession of all Assets and Documents of, or in the possession, custody, or under the control of, any Receivership Entity, wherever situated;

C. Take exclusive custody, control, and possession of all Documents or Assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever situated, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

D. Take exclusive custody, control, and possession of all office suites, business locations, storage lockers, offsite commercial mail boxes, or virtual offices with leases or otherwise in the name of or used by any Receivership Entity ("Receivership Premises").  For clarity, the Receiver's custody, control, and possession will be exclusive for this Order's duration, notwithstanding any claims by any Person that may also be occupying or using Receivership Premises that they are not Defendants, Receivership Entities, or are otherwise unrelated to the Receivership Entities.  The Reciever's custody, control, and possession shall include all Documents at Receivership Premises until further order from the Court;

E.  Conserve, hold, manage, and prevent the loss of all Assets of the Receivership Entities, and perform all acts necessary or advisable to preserve the value of those Assets.  The Receiver shall assume control over the income and profits therefrom and all sums of money now or hereafter due or owing to the Receivership Entities.  The Receiver shall have full power to sue for, collect, and receive, all Assets of the Receivership Entities and of other Persons whose interests are now under the direction, possession, custody, or control of, the Receivership Entities.  *Provided, however*, that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer's debt to the Receivership Entities has resulted from the deceptive acts or practices or other violations of law alleged in the Complaint in this matter, without prior Court approval;

F.  Obtain, conserve, hold, manage, and prevent the loss of all Documents of the Receivership Entities, and perform all acts necessary or advisable to preserve such Documents.  The Receiver shall: divert mail; preserve all Documents of the Receivership Entities that are accessible via electronic means (such as online access to financial accounts and access to electronic documents held onsite or by Electronic Data Hosts, by changing usernames, passwords or other log-in credentials; take possession of all electronic Documents of the Receivership Entities stored onsite or remotely; take whatever steps necessary to preserve all such Documents; and obtain the assistance of the FTC's Digital

22

Forensic Unit for the purpose of obtaining electronic documents stored onsite or remotely;

G. Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

H. Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his or her duties as Receiver. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Entities prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure Assets of the Receivership Entities, such as rental payments;

I. Take all steps necessary to secure and take exclusive custody of each location from which the Receivership Entities operate their businesses. Such steps may include, but are not limited to, any of the following, as the Receiver deems necessary or advisable: (1) securing the location by changing the locks and alarm codes and disconnecting any internet access or other means of access to the computers, servers, internal networks, or other records maintained at that location; and (2) requiring any persons present at the location to leave the

23

premises, to provide the Receiver with proof of identification, and/or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises Documents or Assets of the Receivership Entities. Law enforcement personnel, including, but not limited to, police or sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and maintain security.  If requested by the Receiver, the United States Marshal will provide appropriate and necessary assistance to the Receiver to implement this Order and is authorized to use any necessary and reasonable force to do so;

J.  Take all steps necessary to prevent the modification, destruction, or erasure of any web page or website registered to and operated, in whole or in part, by any Defendants, and to provide access to all such web page or websites to the FTC's representatives, agents, and assistants, as well as Defendants and their representatives;

K.  Enter into and cancel contracts and purchase insurance as advisable or necessary;

L.  Prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers who have transacted business with the Receivership Entities;

M. Make an accounting, as soon as practicable, of the Assets and financial condition of the receivership and file the accounting with the Court and deliver copies thereof to all parties;

N. Institute, compromise, adjust, appear in, intervene in, defend, dispose of, or otherwise become party to any legal action in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the Assets of the Receivership Entities, or to carry out the Receiver's mandate under this Order, including but not limited to, actions challenging fraudulent or voidable transfers;

O. Issue subpoenas to obtain Documents and records pertaining to the Receivership, and conduct discovery in this action on behalf of the receivership estate, in addition to obtaining other discovery as set forth in this Order;

P. Open one or more bank accounts at designated depositories for funds of the Receivership Entities.  The Receiver shall deposit all funds of the Receivership Entities in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts.  The Receiver shall serve copies of monthly account statements on all parties;

Q. Maintain accurate records of all receipts and expenditures incurred as Receiver;

R. Allow the FTC's representatives, agents, and assistants, as well as Defendants' representatives and Defendants themselves, reasonable access to the premises of the Receivership Entities, or any other premises where the Receivership Entities conduct business.  The purpose of this access shall be to inspect and copy any and all books, records, Documents, accounts, and other property owned by, or in the possession of, the Receivership Entities or their agents.

The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access.

S.  Allow the FTC's representatives, agents, and assistants, as well as Defendants and their representatives reasonable access to all Documents in the possession, custody, or control of the Receivership Entities;

T.  Cooperate with reasonable requests for information or assistance from any state or federal civil or criminal law enforcement agency;

U.  Suspend business operations of the Receivership Entities if in the judgment of the Receiver such operations cannot be continued legally and profitably;

V.  If the Receiver identifies a nonparty entity as a Receivership Entity, promptly notify the entity as well as the parties, and inform the entity that it can challenge the Receiver's determination by filing a motion with the Court. *Provided, however*, that the Receiver may delay providing such notice until the Receiver has established control of the nonparty entity and its assets and records, if the Receiver determines that notice to the entity or the parties before the Receiver establishes control over the entity may result in the destruction of records, dissipation of assets, or any other obstruction of the Receiver's control of the entity; and

W.  If in the Receiver's judgment the business operations cannot be continued legally and profitably, take all steps necessary to ensure that any of the Receivership Entities' web pages or websites relating to the activities alleged in the Complaint cannot be accessed by the public, or are modified for

26

consumer education and/or informational purposes, and take all steps necessary to ensure that any telephone numbers associated with the Receivership Entities cannot be accessed by the public, or are answered solely to provide consumer education or information regarding the status of operations.

**TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER**

XIII. **IT IS FURTHER ORDERED** that Defendants and any other Person, including any Electronic Data Host, with possession, custody or control of property of, or records relating to, the Receivership Entities shall, upon notice of this Order by personal service or otherwise, fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Assets and Documents of the Receivership Entities and immediately transfer or deliver to the Receiver possession, custody, and control of, the following:

A. All Assets held by or for the benefit of the Receivership Entities;

B. All Documents or Assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever situated, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

C. All Documents of or pertaining to the Receivership Entities;

D. All computers, electronic devices, mobile devices and machines used to conduct the business of the Receivership Entities;

E.  All Assets and Documents belonging to other Persons whose interests are under the direction, possession, custody, or control of the Receivership Entities; and

F.  All keys, codes, user names and passwords necessary to gain or to secure access to any Assets or Documents of or pertaining to the Receivership Entities, including access to their business premises, means of communication, accounts, computer systems (onsite and remote), Electronic Data Hosts, or other property.

G.  Any commercial mail receiving agency where any Receivership Entity maintains an account and/or mail receiving box or otherwise receives mail shall (i) immediately upon receipt of written notice by the Receiver deliver to the Receiver or otherwise forward to the Receiver at such address as the Receiver may provide all mail or other contents currently in or associated with such account or mail receiving box and (ii) regularly forward to the Receiver at such address as the Receiver may provide any additional mail or other contents that may be received by such account or mail receiving box.

H.  In the event that any Person fails to deliver or transfer any Asset or Document, or otherwise fails to comply with any provision of this Section, the Receiver may file an Affidavit of Non-Compliance regarding the failure and a motion seeking compliance or a contempt citation.

///

///

28

**PROVISION OF INFORMATION TO THE RECEIVER**

**XIV.** **IT IS FURTHER ORDERED** that Defendants shall immediately provide to the Receiver:

A. A list of all Assets and accounts of the Receivership Entities that are held in any name other than the name of a Receivership Entity, or by any Person other than a Receivership Entity;

B. A list of all agents, employees, officers, attorneys, servants and those Persons in active concert and participation with the Receivership Entities, or who have been associated or done business with the Receivership Entities; and

C. A description of any documents covered by attorney-client privilege or attorney work product, including files where such documents are likely to be located, authors or recipients of such documents, and search terms likely to identify such electronic documents.

**COOPERATION WITH THE RECEIVER**

**XV.** **IT IS FURTHER ORDERED** that Defendants; Receivership Entities; Defendants' or Receivership Entities' officers, agents, employees, and attorneys, all other Persons in active concert or participation with any of them, and any other Person with possession, custody, or control of property of or records relating to the Receivership entities, including any chief technology officer, chief information officer, IT director, former chief technology office, former chief information officer, former IT director, or the functional equivalents thereof, who receive

actual notice of this Order shall fully cooperate with and assist the Receiver. This cooperation and assistance shall include, but is not limited to;

A. Providing information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this Order;

B. Providing any keys, codes, user names and passwords required to access any computers, electronic devices, mobile devices, and machines (onsite or remotely) and any cloud account (including specific method to access account) or electronic file in any medium;

C. Transferring the Receivership Entities' Internet domain names to the Receiver's control, including but not limited to creditglory.com, creditsage.com, creditjoy.com, creditclerk.com, and standardscores.com;

D. Advising all Persons who owe money to any Receivership Entity that all debts should be paid directly to the Receiver; and

E. Transferring funds at the Receiver's direction and producing records related to the Assets and sales of the Receivership Entities.

## NON-INTERFERENCE WITH THE RECEIVER

XVI. **IT IS FURTHER ORDERED** that Defendants; Receivership Entities; Defendants' or Receivership Entities' officers, agents, employees, attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, and any other Person served with a copy of this Order, are hereby restrained and enjoined from directly or indirectly:

A. Interfering with the Receiver's efforts to manage, or take custody, control, or possession of, the Assets or Documents subject to the receivership;

B. Transacting any of the business of the Receivership Entities;

C. Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Entities; or

D. Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## STAY OF ACTIONS

**XVII. IT IS FURTHER ORDERED** that:

A. Except by leave of this Court, during the pendency of the receivership ordered herein, Defendants, Defendants' officers, agents, employees, attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, and their corporations, subsidiaries, divisions, or affiliates, and all investors, creditors, stockholders, lessors, customers and other Persons seeking to establish or enforce any claim, right, or interest against or on behalf of Defendants, and all others acting for or on behalf of such Persons, are hereby enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Entities, including, but not limited to:

1. Filing or assisting in the filing of a petition for relief under the Bankruptcy

31

Code, 11 U.S.C. § 101 et seq., or of any similar insolvency proceeding on behalf of the Receivership Entities;

2. Commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against the Receivership Entities, including the issuance or employment of process against the Receivership Entities, except that such actions may be commenced if necessary to toll any applicable statute of limitations; or

3. Filing or enforcing any lien on any asset of the Receivership Entities, taking or attempting to take possession, custody, or control of any Asset of the Receivership Entities; or attempting to foreclose, forfeit, alter, or terminate any interest in any Asset of the Receivership Entities, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise; or

B. The Receiver and his agents acting within the scope of such agency ("Retained Personnel") are entitled to rely on all outstanding rules of law and orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree.  In no event shall the Receiver or any Retained Personnel be liable to any Person (except the FTC) for their acts or omissions or their good faith compliance with their duties and responsibilities, except as a result of a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.  Any Person (except the FTC) seeking

32

recovery from the Receiver or any Retained Personnel for conduct in the course of the administration of this estate must first obtain leave from this Court. This Court shall retain jurisdiction over any action filed against the Receiver or any Retained Personnel based upon acts or omissions committed in their representative capacities.

C. *Provided, however*, that this Order does not stay: (1) the commencement or continuation of a criminal action or proceeding; (2) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or (3) the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## COMPENSATION OF RECEIVER

XVIII.    **IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession or control of, or which may be received by, the Receivership Entities. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60)

33

days after the date of entry of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## RECEIVER'S BOND

XIX.  **IT IS FURTHER ORDERED** that the Receiver is not required to file with the Clerk of this Court a bond, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.

## RECEIVER'S REPORTS

XX.  **IT IS FURTHER ORDERED** that the Receiver shall report to this Court on or before any date set for a hearing on whether a Preliminary Injunction should issue, regarding (1) the steps taken by the Receiver to implement the terms of this Order; (2) the value of all liquidated and unliquidated assets of the Receivership Entities; (3) the sum of all liabilities of the Receivership Entities; (4) the steps the Receiver intends to take in the future to (a) prevent any diminution in the value of assets of the Receivership Entities, (b) pursue receivership assets from third parties, and (c) adjust the liabilities of the Receivership Entities, if appropriate; (5) whether the business of the Receivership Entities can be operated lawfully and profitably; and (6) any other matters that the Receiver believes should be brought to the Court's attention. *Provided, however,* that if any of the required information would hinder the Receiver's ability to pursue receivership assets, the portions of the Receiver's report containing such information may be filed under seal and not served on the parties.

34

# IMMEDIATE ACCESS TO BUSINESS PREMISES AND RECORDS

**XXI. IT IS FURTHER ORDERED THAT:**

A. In order to allow the FTC and the Receiver to preserve Assets and evidence relevant to this action and to expedite discovery, the FTC and the Receiver, and their representatives, agents, contractors, and assistants, shall have immediate access to all Receivership Premises. The Receiver may exclude Defendants, Receivership Entities, and their employees from the business premises during the immediate access.

B. Any landlord, management office, security office, or any other Person that controls access to any such Receivership Premises shall, immediately upon receiving notice of this Order, cooperate with the Receiver and take whatever steps necessary to allow the Receiver access to such Receivership Premises. Such Persons are prohibited from notifying Defendants of the existence of this Order or the Receiver's entry into the Receivership Premises until the Receiver has notified such Persons in writing that the Receiver has secured such Receivership Premises.

C. The FTC and the Receiver, and their representatives, agents, contractors, and assistants, are authorized to remove Documents from the Receivership Premises in order that they may be inspected, inventoried, and copied. The FTC shall return any removed materials to the Receiver within five (5) business days of completing inventorying and copying, or such time as is agreed upon by the FTC and the Receiver;

35

D. The FTC's access to the Receivership Entities' documents pursuant to this Section shall not provide grounds for any Defendant to object to any subsequent request for documents served by the FTC;

E. The FTC and the Receiver, and their representatives, agents, contractors, and assistants, are authorized to obtain the assistance of federal, state and local law enforcement officers as they deem necessary to effect service and to implement peacefully the provisions of this Order;

F. If any communications or records of any Receivership Entity are stored with an Electronic Data Host, such Entity shall, immediately upon receiving notice of this order, provide the Receiver with the username, passwords, and any other login credential needed to access the communications and records, and shall not attempt to access, or cause a third-party to attempt to access, the communications or records; and

G. If any Assets, Documents, computers, or electronic storage devices containing information related to the business practices or finances of the Receivership Entities are at a location other than a Receivership Premises, including personal residences of any Defendant, the Receiver and his representatives, agents, and assistants shall have immediate access to such locations including personal residences.  The purpose of the immediate access shall be to effect service, inventory all Assets, remove Assets of the Receivership Entities if appropriate, and remove Documents of the Receivership Entities in order that they may be inspected, inventoried, and copied, including forensic imaging of

36

electronically stored information at the Receiver's discretion, including any such information on a computer or mobile device.  The Receiver may make use of the FTC's digital forensic examiners, but no other FTC personnel shall enter any personal residence without the consent of the applicable Individual Defendant.  As required by Section XV of this Order, the Individual Defendants and their friends, family, employees, or other agents shall provide the Receiver with any necessary means of access to Assets and Documents of the Receivership Entities, including the location of Assets and Documents, keys and combinations to locks, computer access codes, and storage access information.  The Receiver may make any Asset or Document collected available to the FTC for copying or forensic imaging.  The Receiver shall return any computer or mobile device removed for forensic imaging within five (5) days of the immediate access.  Once the immediate access is complete, the Receiver shall have no further access to the personal residences of Individual Defendants without further order from this Court or the consent of the applicable Individual Defendant.

### DISTRIBUTION OF ORDER BY DEFENDANTS

**XXII. IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, telemarketer, marketer, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client, attorney, spouse, subsidiary, division, and representative of any Defendant, and shall, within ten (10) days from the date of entry of this Order, and provide the

FTC and the Receiver with a sworn statement that this provision of the Order has been satisfied, which statement shall include the names, physical addresses, phone number, and email addresses of each such Person who received a copy of the Order. Furthermore, Defendants shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other Persons in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## EXPEDITED DISCOVERY

XXIII.     **IT IS FURTHER ORDERED** that, notwithstanding the provisions of the Fed. R. Civ. P. 26(d) and (f) and 30(a)(2)(A)(iii), and pursuant to Fed. R. Civ. P. 30(a), 33, 34, and 45, the FTC and the Receiver are granted leave, at any time after service of this Order, to conduct limited expedited discovery for the purpose of discovering: (1) the nature, location, status, and extent of Defendants' Assets; (2) the nature, location, and extent of Defendants' business transactions and operations; (3) Documents reflecting Defendants' business transactions and operations; or (4) compliance with this Order. The limited expedited discovery set forth in this Section shall proceed as follows:

A. The FTC and the Receiver may take the deposition of parties and non-parties. Forty-eight (48) hours' notice shall be sufficient notice for such depositions. The limitations and conditions set forth in Rules 30(a)(2)(A) and 31(a)(2)(A) of the Federal Rules of Civil Procedure regarding subsequent depositions of an

individual shall not apply to depositions taken pursuant to this Section.  Any such deposition taken pursuant to this Section shall not be counted towards the deposition limit set forth in Rules 30(a)(2)(A) and 31(a)(2)(A) and depositions may be taken by telephone or other remote electronic means;

B.  The FTC and the Receiver may serve upon parties requests for production of Documents or inspection that require production or inspection within five (5) days of service, *provided, however*, that three (3) days of notice shall be deemed sufficient for the production of any such Documents that are maintained or stored only in an electronic format;

C.  The FTC and the Receiver may serve upon parties interrogatories that require response within five (5) days after the FTC serves such interrogatories;

D.  The FTC and the Receiver may serve subpoenas upon non-parties that direct production or inspection within five (5) days of service;

E.  Service of discovery upon a party to this action, taken pursuant to this Section, shall be sufficient if made by facsimile, email, or by overnight delivery;

F.  Any expedited discovery taken pursuant to this Section is in addition to, and is not subject to, the limits on discovery set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court.  The expedited discovery permitted by this Section does not require a meeting or conference of the parties, pursuant to Rules 26(d) & (f) of the Federal Rules of Civil Procedure;

G.  The Parties are exempted from making initial disclosures under Fed. R. Civ. P. 26(a)(1) until further order of this Court.

**SERVICE OF THIS ORDER**

**XXIV.**    **IT IS FURTHER ORDERED** that copies of this Order as well as the Motion for Temporary Restraining Order and all other pleadings, Documents, and exhibits filed contemporaneously with that Motion (other than the complaint and summons), may be served by any means, including facsimile transmission, electronic mail or other electronic messaging, personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of the FTC, by any law enforcement agency, or by private process server, upon any Defendant or any Person (including any financial institution) that may have possession, custody or control of any Asset or Document of any Defendant, or that may be subject to any provision of this Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure.  For purposes of this Section, service upon any branch, subsidiary, affiliate or office of any entity shall effect service upon the entire entity.

Plaintiff must serve Defendants no later than close of business on **August 5, 2026.**

**CORRESPONDENCE AND SERVICE ON THE FTC**

**XXV.** **IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence and service of pleadings on the FTC shall be addressed to Gregory Ashe and Benjamin Cady, 600 Pennsylvania Avenue, NW, Washington, D.C. 20580, email gashe@ftc.gov and bcady@ftc.gov.

///

///

///

40

## PRELIMINARY INJUNCTION HEARING

**XXVI.**     **IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 65(b), Defendants shall appear before this Court at **9:00 A.M. on August 12, 2026** at the Sandra Day O'Connor United States Courthouse, Courtroom 501, 401 West Washington Street, Phoenix, Arizona, to show cause, if there is any, why this Court should not enter a preliminary injunction, pending final ruling on the Complaint against Defendants, enjoining the violations of the law alleged in the Complaint, continuing the freeze of their Assets, continuing the receivership, and imposing such additional relief as may be appropriate.

## BRIEFS AND AFFIDAVITS CONCERNING PRELIMINARY INJUNCTION

**XXVII.**     **IT IS FURTHER ORDERED** that:

A. The FTC's motion for temporary restraining order is also deemed to be a motion for a preliminary injunction, and the FTC is not required to file or serve a separate motion for a preliminary injunction in order to seek the entry of a preliminary injunction under Federal Rule of Civil Procedure 65.  The Court will consider all materials filed by the FTC in connection with its motion for temporary restraining order to have been filed in connection with the FTC's motion for a preliminary injunction.

B. Defendants shall file with the Court and serve on the FTC's counsel any answering pleadings, affidavits, motions, expert reports or declarations, or legal memoranda no later than **August 7, 2026**.  The FTC may file responsive

or supplemental pleadings, materials, affidavits, or memoranda with the Court and serve the same on counsel for Defendants no later than **August 11, 2026**.

C. The parties shall file a Joint Notice by **August 11, 2026**, indicating whether the motion may be decided on the briefing and argument of counsel alone.

D. *Provided, however*, that service shall be performed by personal or overnight delivery, facsimile or email, and Documents shall be delivered so that they shall be received by the other parties no later than 5:00 p.m. (PST) on the appropriate dates provided in this Section.

E. Warning: if Defendants do not respond to the Motion for a TRO/Preliminary Injunction or fail to appear at the above-scheduled hearing, the Court will deem such failure as consent to granting the motion, *see* LRCiv 7.2(i).

## **DURATION OF THE ORDER**

XXVIII.    **IT IS FURTHER ORDERED** that this Order shall expire fourteen (14) days from the date of entry noted below, unless within such time, the Order is extended for an additional period pursuant to Fed. R. Civ. P. 65(b)(2).

///

///

///

///

///

///

## RETENTION OF JURISDICTION

**XXIX.**      **IT IS FURTHER ORDERED** that that this Court shall retain jurisdiction of this matter for all purposes.

Dated this 4th day of August, 2026.

Honorable Steven P. Logan
United States District Judge

cc: FTC counsel Benjamin Cady and Gregory A. Ashe